1 **WO**                                                                                           SC
2
3
4
5
6 # IN THE UNITED STATES DISTRICT COURT
7 # FOR THE DISTRICT OF ARIZONA
8
9 De'Andre Eugene Childers,            )     No. CV 09-1032-PHX-MHM (MEA)
                                        )
10          Plaintiff,                  )     **ORDER**
                                        )
11 vs.                                  )
                                        )
12 Joseph Arpaio,                       )
                                        )
13          Defendant.                  )
                                        )
14

Plaintiff De'Andre Eugene Childers, who is confined in the Towers Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 5.) The Court will order Defendant Arpaio to answer Count I of the Complaint and will dismiss the remaining claim without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $18.34. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff alleges two counts in his Complaint for violation of his rights under the Fifth, Eighth, and Fourteenth Amendments. Plaintiff sues Maricopa County Sheriff Joseph Arpaio. He seeks compensatory relief.

## IV. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

In Count II, Plaintiff alleges that he was subjected to unconstitutional conditions. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 537 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Nevertheless, the same standards are applied. See Frost, 152 F.3d at 1128. To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen

v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002). These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes v. Chapman, 452 U.S. 337, 348 (1981). "'The circumstances, nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred.'" Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting Johnson, 217 F.3d at 731). Thus, whether conditions of confinement rise to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to those conditions. Keenan v. Hall, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)). A plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety. Id. at 837. In defining "deliberate indifference" in the jail context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." Id. A plaintiff must also allege how he was injured by the alleged unconstitutional conditions. See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm); Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy requirement means that plaintiff must have an actual or threatened injury traceable to the defendant and likely to be redressed by a favorable judicial decision).

While Plaintiff alleges certain conditions that may rise to the level of unconstitutionality, he fails to allege facts to connect Sheriff Arpaio to those conditions. He merely vaguely asserts that Arpaio has failed to renovate allegedly condemned buildings. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v.

1  County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). A supervisor in his individual
2  capacity, "is only liable for constitutional violations of his subordinates if the supervisor
3  participated in or directed the violations, or knew of the violations and failed to act to prevent
4  them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege facts to support that Arpaio instituted a policy, practice or custom resulting in the allegedly unconstitutional conditions. He also fails to allege facts to support that Arpaio knew that Plaintiff was subjected to the allegedly unconstitutional conditions but failed to intervene. Plaintiff therefore fails to state a claim against Arpaio for unconstitutional conditions in Count II.

## V.     Claim for Which an Answer Will be Required

In Count I, Plaintiff claims the Defendant sets policy and deliberately instructs his staff to feed inmates only two meals per day and that he deliberately directs that too few calories be provided in the meals so that detainees are hungry. Plaintiff further contends that while Arpaio allows detainees with money to possess commissary items in their cells, he will not allow detainees without funds for commissary to save portions of the jail provided meals for consumption later in the day. Liberally construed, Plaintiff's allegations in Count I states a claim. The Court will require Defendant Arpaio to respond to that claim.

## VI.    Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc.# 5.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $18.34.

(3) Count II is **dismissed** without prejudice.

(4) Defendant Arpaio must answer Count I.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio. (Doc. #1)

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 26th day of June, 2009.

_____
Mary H. Murguia
United States District Judge